UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEAN D. OQUENDO,

                                    Petitioner,

          v.

STATE OF WASHINGTON,

                                    Respondent.

CASE NO. C20-6253-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Petitioner, proceeding pro se, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 1.) He seeks to challenge his March 5, 2018 conviction and sentence in Clark County Superior Court. He asserts that, while he did appeal his conviction to the Washington Court of Appeals, he did not seek further review by a higher state court. He maintains Washington State lacks jurisdictional authority to decide any federal constitutional matters, and requests "vicarious exhaustion" of his state court remedies (Dkt. 1-1) and that the Court order respondent to provide legal cause for his restraint or, in the absence of such a showing, order his immediate release (Dkt. 1-2). The Court finds the habeas petition should be DENIED and this case DISMISSED.

DISCUSSION

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to

REPORT AND RECOMMENDATION
PAGE - 1

1    the judgment of a State court shall not be granted unless it appears that . . . the applicant has

2    exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The

3    exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve

4    federal constitutional claims before those claims are presented to the federal courts," and,

5    therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any

6    constitutional issues by invoking one complete round of the State's established appellate review

7    process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A complete round of the state's

8    established review process includes presentation of a petitioner's claims to the state's highest

9    court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  "In turn, the state's highest court must have

10   disposed of each claim on the merits."  *Id*.

11         In this case, a search of state court filings shows petitioner filed personal restraint petitions

12   in both the Washington Court of Appeals and the Washington Supreme Court on January 28, 2019.

13   *See* https://dw.courts.wa.gov (Case No. 53235 (Washington Court of Appeals Division II) and

14   Case No. 968381 (Washington Supreme Court)).  The Supreme Court disposed of the petition on

15   February 14, 2019, some two weeks after filing, and the Court of Appeals dismissed the petition

16   on July 10, 2019 and disposed of the matter and issued a Certificate of Appealability on August

17   27, 2019.  *Id*.  There is no record petitioner sought further review by the Washington Supreme

18   Court.  *See id*.  As such, and as conceded, petitioner did not exhaust his state court remedies.

19         It also appears petitioner would be procedurally barred from attempting to exhaust his

20   remedies under RCW 10.73.090(1) (petition for collateral attack on a judgment and sentence in a

21   criminal case must be filed within one year after the judgment becomes final) and/or RCW

22   10.73.140 (court "shall dismiss the petition" if it finds petitioner previously raised the same

23   grounds for review or failed to show good cause why the ground was not raised earlier, or if the

REPORT AND RECOMMENDATION
PAGE - 2

petition is frivolous), and face a procedural default for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Petitioner further fails to identify cause and prejudice excusing his default. *Id.* at 750 (when a state prisoner defaults on federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause, i.e. some external objective factor that prevented compliance with the procedural rule, and prejudice, i.e. that the claim has merit) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)). Nor is there any basis for petitioner's contention the state courts lack authority to rule on federal constitutional matters, or for petitioner's request for "vicarious exhaustion" or an order providing for his immediate release. Finally, beyond the issue of exhaustion and as explained below, this habeas matter should be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. Typically, and as applicable to this matter, the one-year statute of limitations commences from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A). In Washington, a notice of appeal must be filed within thirty days after entry of the decision of the trial court. Wash. RAP 5.2(a). The end of this thirty day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). Here, because petitioner did not filed a direct appeal of the March 5, 2018 judgment and sentence, his conviction became final thirty days later, on April 4, 2018. His one-year statute of limitations under § 2244(d)(1) began to run the following day, on April 5, 2018. *Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001).

The one-year limitations period for filing a § 2254 action is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). In this case, petitioner's one-year limitations period ran for 298 days, from April 5, 2018 until January 28,

REPORT AND RECOMMENDATION
PAGE - 3

2019, when petitioner filed a personal restraint petition in the Court of Appeals.  The proceedings on the petition became final on August 27, 2019, the date the Court of Appeals issued its Certificate of Finality.  *Phongmanivan v. Haynes*, 195 Wn. 2d 309, 314-17 (2020).  Petitioner's one-year statute of limitations then began to run again and expired sixty-nine days later, on November 4, 2019, *see* Fed. R. Civ. P. 6(a)(1)(C) (time period ends on next day after a weekend day or holiday).  Petitioner filed his federal habeas petition on December 29, 2020 (Dkt. 1), more than a year after his statute of limitations had expired.

The statute of limitations is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).  Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."  *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing.  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner does not identify any grounds for equitable tolling.  Nor is it apparent any extraordinary circumstances beyond petitioner's control inhibited his ability to timely pursue his claims and entitle him to the equitable tolling of the federal statute of limitations.  Instead, the habeas filing consists almost entirely of a variety of broad contentions of an alleged absence of authority on the part of Washington State to detain petitioner.  (*See* Dkt. 1-1.)  Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because he does not assert

REPORT AND RECOMMENDATION
PAGE - 4

1    or show his entitlement to statutory or equitable tolling, his petition is time-barred.

2                                              CONCLUSION

3           The Court, in sum, recommends petitioner's federal habeas petition be DENIED as time-

4    barred and this case DISMISSED with prejudice.[1]  Additionally, because petitioner has not made

5    "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court

6    concludes he is not entitled to a certificate of appealability with respect to his claims. *See Miller-*

7    *El v. Cockrell*, 537 U.S. 322, 327 (2003) (petitioner satisfies this standard "by demonstrating that

8    jurists of reason could disagree with the district court's resolution of his constitutional claims or

9    that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

10   further.") A proposed Order accompanies this Report and Recommendation.

11                                             OBJECTIONS

12          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

13   served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

14   and Recommendation is signed.  Failure to file objections within the specified time may affect

15   your right to appeal.  Objections should be noted for consideration on the District Judge's motions

16   calendar for the third Friday after they are filed.  Responses to objections may be filed within

17   **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

18   _____

19          [1] The petition also suffers from other deficiencies.  Petitioner, for example, fails to name a correct
20   respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and *Stanley v. California Supreme*
     *Court*, 21 F.3d 359, 360 (9th Cir. 1994) (petition must name as respondent state officer having custody of
21   petitioner, typically the warden of the facility in which petitioner incarcerated; failure to name the custodian
     deprives federal courts of personal jurisdiction).  Petitioner also fails to set forth any specific, proper, and
22   exhausted grounds for habeas relief.  *See* 28 U.S.C. § 2254(a) (petitioner must show custody in violation of
     the Constitution, laws or treaties of the United States) and (d) (petitioner must demonstrate highest state
23   court decision rejecting grounds for relief was "contrary to, or involved an unreasonable application of,
     clearly established Federal law, as determined by the Supreme Court of the United States" or resulted in
     decision based on an unreasonable determination of facts in light of evidence presented in state court).

REPORT AND RECOMMENDATION
PAGE - 5

1   ready for consideration by the District Judge on **February 26, 2021**.

2           DATED this <u>1st</u> day of February, 2021.

3

4                                              Mary Alice Theiler

5                                              United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6